FILED
2018 NOV 20  A 11: 15
US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>SHERI SPEER,<br>Debtor | |
| SHERI SPEER,<br>Appellant,<br>v.<br>SEAPORT CAPITAL PARTNERS, LLC,<br>Appellee. | Case No. 3:18-CV-00936-VLB<br><br>NOVEMBER 19, 2018 |

## RESPONSE IN OPPOSITION TO MOTION FOR ORDER REQUIRING BOND DURING APPEAL

Appellant, Sheri Speer ("Appellant" or "Ms. Speer"), submits the following in opposition to the Motion For Order Requiring Bond During Appeal to the Second Circuit Court of Appeals in the amount of $5,000 (the "Motion") and says the following:

1. Appellant sets forth that in the ongoing appeal, she has filed a Request For In Forma Pauperis.

2. The Appellee sets forth in the Procedural Background that the Appellant is involved in Bankruptcy Court petitions.

3. The ongoing appeal involves this Court's September 13, 2018 dismissal of the case due to an alleged failure to file a Designation and Statement.

4. The lead case on this issue appears to be *Doe v. Darien Board of Education*, Civil No. 3:11cv1581 (D. Conn. Nov. 24, 2015) and it is cited in the Motion.

5. *Doe* sets froth several factors that are examined in determining if a cost bond will be imposed pursuant to Fed. R. App. P. 7.

6. Those factors are as follows: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct."

7. Examining those factors, Appellants sets forth that: 1) The Appellant does not have the financial ability to post a bond, more less a $5,000 bond, 2) The Appellant is in Bankruptcy and any amounts that are owed will be part of the Bankruptcy case. Furthermore, the appeal is not of a judgment, but an attempt to get back into Bankruptcy Court, 3) The Appeal has merits, as set forth in more detail below and 4) The Appellant has not shows any bad faith or vexatious conduct.

8. In the Motion, the Appellees admit that the Appellant has "claimed to be destitute".

9. The Appellant, contrary to what has been set forth in the Motion, has set forth details in Affidavits as to her financial issues.

10. The appeal has merits, as in the case of *In re Lynch*, 430 F. 3d 600 (2nd Cir. 2005), involved a dismissal of a bankruptcy appeal for an alleged failure to file a Designation and Statement.

11. *In re Lynch* sets forth that dismissals such as this are governed by an abuse of discretion standard and that the issue is whether a party has established excusable neglect.

12. Appellant sets forth that it was an abuse of discretion for this Court to fail to permit the Designation and Statement to be filed and that excusable neglect was never properly considered.

13. The appeal has merits.

Respectfully submitted,

/s/Sheri Speer

151 Talman Street
Norwich, CT 06360